JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No. SA CV 21-CV-00459-DOC-DFM                          Date:  October 17, 2022

Title: CHARLES HEAD V. HOLLY ZEBARI

PRESENT:

### THE HONORABLE DAVID O. CARTER, JUDGE

| Elsa Vargas for Karlen Dubon | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANTS: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):  ORDER GRANTING MOTION FOR DEFAULT JUDGMENT [35]**

Before the Court is Plaintiff Charles Head's Motion for Default Judgment ("Motion" or "Mot.") (Dkt. 35). The Court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering all relevant filings, the Court **GRANTS** the Motion for Default Judgment.

   **I.   Discussion**

Plaintiffs has satisfied the requirements of Local Rules 55-1 and 55-2 and Federal Rule of Civil Procedure 55(b). Plaintiff requested and received an entry of default against his previous attorney Defendant Charles Head (Dkt. 32).

Plaintiff seeks compensatory damages of $50,000 and punitive damages of $100,000 based on Defendant's alleged negligence and legal malpractice in representing Plaintiff, breach of contract, intentional infliction of emotional distress, and other damages flowing from Plaintiff's two convictions and subsequent enhanced federal

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 21-CV-00459-DOC-DFM　　　　　　　　　　　　　　　　Date: October 17, 2022
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 2

sentences, including a $15,000 retainer fee Plaintiff paid to Defendant, court fees, fines, restitution, 40 hours of community service, 3 years of probation, and a loss of property rights related to Plaintiff's convictions. Specifically, Plaintiff alleges that Defendant "misrepresent[ed] the material facts concerning Plaintiff's gun registration . . . and advis[ed] Plaintiff to plead guilty." ("Compl." or "Complaint") (Dkt. 1). Plaintiff alleges that a motion to vacate the sentence imposed as a result of his guilty plea was granted in 2019 after the Superior Court of California found Plaintiff "factually innocent." *Id*.

District courts retain discretion to reduce fee awards based on the circumstances of a case. *See Jankey v. Poop Deck*, 537 F.3d 1122, 1132 (9th Cir. 2008). In California, punitive damages must bear a reasonable relationship to actual damages, but there is no fixed formula by which to determine the proper ratio. *Liodas v. Sahadi*, 19 Cal.3d 278, 284, 137 (1977); *Biundo v. Old Equity Life Insurance Co.*, 662 F.2d 1297, 1300 (9th Cir. 1981).

The Court finds an award of $100,000 in punitive damages for misrepresentation and ineffective assistance of counsel when compared to $50,000 compensatory damages is not unreasonable or excessive. *See Pro. Seminar Consultants, Inc. v. Sino Am. Tech. Exch. Council, Inc.*, 727 F.2d 1470, 1473 (9th Cir. 1984) (declining to find "an award of $200,000 punitive damages for a $100,000 libel claim unreasonable").

## II.　Disposition

For the reasons set forth above, the Court **GRANTS** Plaintiff's Motion for Default Judgment. Judgment shall be entered in favor of Plaintiff and against Defendant in the amount of $150,000.

The clerk shall serve this minute order on the parties.

MINUTES FORM 11　　　　　　　　　　　　　　　　　　　Initials of Deputy Clerk:
CIVIL-GEN　　　　　　　　　　　　　　　　　　　　　　　　eva/kdu